## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6240 | **DATE** | 12/19/2011 |
| **CASE TITLE** | JP Morgan Chase Bank vs. PT Indah Kiat Pulp, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Amend or Alter the Court's Order Denying Motion to Stay [382] is denied, as explained further below. Defendants' Motion to Strike Docket Entries 380 and 381 [384] is granted. The motion hearing date of 1/4/2012 is stricken.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

---

## STATEMENT

Defendants bring a Motion to Amend or Alter the Court's Order Denying Motion to Stay [dkt 382], which is in essence a motion for reconsideration of this court's November 16, 2011 order denying defendants' request that this case be stayed [dkt 378]. Because defendants have not suggested any significant change in the law or facts since the initial motion to stay was decided, nor have they persuaded the court that any portion of the ruling was erroneous, the motion is denied.

Defendants previously sought a stay of collection proceedings instituted by plaintiff in this case, asserting that they continue to be subject to a 2008 temporary injunction entered by an Indonesian court that prevents them from sharing information about their assets. (Defs.' Initial Mot. to Stay.) [Dkt 330.] This court questioned whether that injunction actually remains in effect three years later, but for the purposes of deciding the motion, assumed, *arguendo*, that it was. (Mem. Op. & Order at 11-13.) The court nevertheless determined that defendants had not demonstrated that they would be subject to sanctions for violating that order, as they claimed. Further, defendants did not establish that defendant PT Pabrik Kertas Tjiwi Kimia Tbk ("PT Pabrik") was a party subject to the injunction. (*Id.* at 8-10.) In the final analysis, the court weighed whether the international comity concerns at play directed giving effect to the Indonesian court's order in these proceedings. (*Id.* at 11-13.) The court balanced the important interest in enforcing the significant monetary judgment in this case against the Indonesian court's interest in enforcing its injunction, which by its terms was a temporary measure. This court concluded that it need not and should not suspend the proceedings here, even in light of the Indonesian court's order.

Defendants now ask the court to reconsider that ruling. A court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it. *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). A court's reconsideration of its own order is appropriate if there is a "compelling reason" that makes it clear the ruling was erroneous. *Santamarina v. Sears, Roebuck*

**STATEMENT**

*& Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). However, a motion for reconsideration serves a limited purpose, and is not a vehicle for a party to rehash previously rejected arguments or to introduce new evidence that could have been discovered before the original motion was brought. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Defendants have offered no new arguments or evidence that persuades this court that the November 16 ruling was erroneous or should be revisited.

First, defendants mischaracterize this court's ruling by arguing that the court accepted plaintiff's "unsupported" arguments that the injunction had expired and that defendant PT Pabrik would not be subject to it. (Defs.' Mot. at 3-4.) In fact, this court did not definitively find that the injunction had expired. Rather, it noted that, although the documents defendants submitted did not make it entirely clear whether the injunction was still in effect, "the Indonesian court appeared to uphold [the injunction] in its Verdict," and the court further noted that the Indonesian appeals court had apparently advised defendants on November 8, 2010 to abide by the injunction until the appeal was resolved. (Mem. Op. & Order at 5-6, 9.)

As to PT Pabrik, the previous opinion acknowledged the sworn statement defendants submitted from Ferry Siswojo Djongianto, defendant Asia Pulp & Paper's "Director of []Corporate and Legal Affairs," that PT Pabrik was a subsidiary of one of the defendants in the Indonesian lawsuit. (*Id.* at 8.) However, defendants pointed to nothing in the Indonesian court documents that supported the inference that the injunction was directed to all of the defendants' subsidiaries. Nor have defendants done so in their current motion; rather, they submit an updated affidavit from Mr. Djongianto attesting to the very same thing he did in his previous affidavit - that PT Pabrik is a subsidiary of one of the defendants in the Indonesian case. (Defs.' Mot., Ex. 1.) Furthermore, the court made the alternative finding that even if, *arguendo*, the injunction remains in effect pending the outcome of the appeal and PT Pabrik is subject to it, a stay of collection proceedings in this case is not appropriate. (*Id.* at 11-13.)

Defendants also argue that the court erred in its comity analysis because defendants will be subject to sanctions if they do not comply with the Indonesian court order. (Defs.' Mot. at 4-5.) This is the very same argument that defendants raised in their previous motion, which the court thoroughly considered. (*See* Mem. Op. & Order at 4, 6-7, 9-10.) Although defendants continue to insist they will be subject to sanctions if they do not comply, they have not (in their previous motion or this one) pointed to any portion of the Indonesian court's order stating that monetary sanctions will be imposed. Instead, they offer only their own unsupported assertions. Additionally, as this court pointed out, the Indonesian court expressly declined to order a monetary penalty for violation of the temporary injunction. (*Id.* at 9-10.)

Conspicuously absent in defendants' present motion is any mention of the effect of a New York district court's 2009 order addressing the same injunction at issue here. *See Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd*, No. 03 C 8554, 2009 WL 1055673 (S.D.N.Y. Apr. 17, 2009). The New York court ordered defendants to respond to interrogatories about certain business transactions, even though defendants argued, as they do here, that they would be subject to sanctions under the Indonesian injunction for doing so. Despite this court's discussion of the New York case in its November 16 opinion, defendants have offered nothing to establish what happened after that order was entered or showing they were in fact adversely affected by providing the requested information. (*See* Mem. Op. & Order at 7.) It can be inferred from this deficiency that defendants have not been sanctioned and have not suffered any adverse consequences as a result of that order.

Defendants do submit one new piece of evidence apparently in response to this court's concern that "despite the fact that their appeal in the Indonesian court has been pending for more than a year, defendants did

## STATEMENT

not submit any updated information on the status of the appeal." (Mem. Op. & Order at 10.) Defendants now submit a letter from their attorneys dated December 13, 2011, stating that the appeal remains pending. (Defs.' Mot., Ex. 2.) However, defendants have not established why this evidence could not have been obtained and submitted with their original motion. Furthermore, because this court ultimately assumed the Indonesian case was still pending, this updated information does not change the final analysis.

Defendants' present motion appears to be nothing more than another delay tactic to avoid moving forward with the collection proceedings in this case. Defendants have offered nothing of substance to support the argument that the November 16 order should be altered or amended in any way. Accordingly, defendants' motion is denied.

In defendants' Motion to Strike Docket Entries 380 and 381 [dkt 384], they submit that they erroneously filed an early draft of the present motion, and seek leave to strike those entries on the docket. The motion defendants intended to submit (and the notice of motion) were re-filed the same day as docket entries 382 and 383. Defendants' motion to strike docket entries 380 and 381 is granted, and the court only considered the later-filed documents in the resolution of this motion.