# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6240 | **DATE** | 6/14/2012 |
| **CASE TITLE** | JPMorgan Chase Bank vs. PT Indah Kiat Pulp and Paper et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section below, the defendants "Motion to Quash Third-Party Citation to Discovery Assets" [441] is granted in part and denied in part. Request 7 of JPMorgan's citation to TST is quashed. The remaining requests will stand in their entirety and forthwith compliance is ordered.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On September 13, 2010, this court entered judgment in favor of JPMorgan Chase Bank ("JPMorgan") against Asia Pulp and Paper Company, Ltd. ("APP"), in the amount of $53.5 million, against PT Indah Kiat Pulp and Paper Corporation Tbk in the amount of $32.2 million, and against PT Pabrik Kertas Tjiwi Kimia Tbk in the amount of $21.3 million. (Dkt. No. 297.) In its attempts to collect that judgment, JPMorgan has issued multiple citations to discover assets against the defendants and third-parties. On May 11, 2012, JPMorgan issued a citation to TST/Impreso, Inc. ("TST"), a company that has allegedly done business with an affiliate of APP, Asia Pulp and Paper Trading (USA), Inc. ("APPT"), and entered into a 2005 settlement agreement with APPT that includes a release of all claims TST had or may have against APP and APPT. (Dkt. No. 447, at 3-5.) Pending before the court is the defendants' "Motion to Quash Third-Party Citation to Discovery Assets." (Dkt. No. 441.) For the reasons explained below, that motion is granted in part and denied in part. Request 7 of JPMorgan's citation to TST is quashed. The remaining requests will stand in their entirety.

Proceedings to collect a judgment must "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Accordingly, the court will look to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277, the Illinois law applicable to citations to discover assets, to resolve the defendants' motion.

The defendants' principal argument in favor of quashing the citation issued to TST is that the citation improperly requests information about assets that are not in TST's possession. According to the defendants, those requests are improper because citations to discover assets "are restricted to inquiries about the suspected assets of the judgment debtor currently in the possession of the third party." (Dkt. No. 441, at 2.) That assertion, however, fundamentally misunderstands the purpose of a citation proceeding, which is to allow the judgment creditor to examine a third-party "to discover assets or income of the debtor." 735 ILCS 5/2-1402. Accordingly, a citation "may require . . . the production . . . of any books, papers, or records in [the third-party's] possession or control which have or may contain information concerning the property or income of the debtor." Ill. Sup. Ct.

| STATEMENT |
|---|

R. 277(c)(4). As the leading treatise on the enforcement of judgments in Illinois has explained:

> The citation statute, 735 ILCS 5/2-1402, expressly authorizes citations to be used to locate assets of the judgment debtor; thus, investigatory citations are permissible. An "investigatory citation" is a citation to discover assets issued to a third party that the judgment creditor believes has information regarding the assets of the judgment debtor. Such third parties include mortgage lenders, vehicle lenders, and the like. Typically, a creditor will have a credit bureau report (CBR) of a debtor and will serve an investigatory citation on a party that recently approved the debtor for credit, requesting copies of recent credit applications, as credit applications typically will include information relating to the debtor's employment and assets.

Robert G. Markoff ed., *Creditors' Rights in Illinois* § 2.71 (rev. 2011). Requests for information directed to discovering assets of the judgment debtor that are not in the third party's possession are thus permissible.

The defendants support their position with citations to three cases. *See Schak v. Blom*, 777 N.E.2d 635 (Ill. App. Ct. 2002); *Ericksen v. Rush Presbyterian St. Luke's Med. Ctr.*, 682 N.E.2d 79 (Ill. App. Ct. 1997); *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054 (Ill. App. Ct. 1994). Those cases establish only that the court cannot enter a judgment against a third-party who does not possess any assets of the judgment debtor. *See Schak*, 777 N.E.2d at 639 ("If the third party possesses no assets of the judgment debtor, then the court has no authority *to enter any judgment* against the third party in a supplementary proceeding."(emphasis added)); *Ericksen*, 682 N.E.2d at 166-67 (same); *see also Pyshos*, 630 N.E.2d at 1057. The cases also establish that to commence a citation proceeding against a third-party, the record must "contain some evidence showing that the third party possessed assets of the judgment debtor." *Pyshos*, 630 N.E.2d at 1057; *accord Schak*, 777 N.E.2d at 639; *Ericksen*, 682 N.E.2d at 166. They do not, however, address the scope of the allowable questioning once a third-party is properly subject to a citation proceeding.

That the creditor may request information about debtor assets the third-party does not possess makes sense, for the citation proceeding "is designed to provide a statutory foundation for an efficient and expeditious procedure for discovery of assets and income of the judgment debtor." *Regan v. Garfield Ridge Trust and Sav. Bank*, 617 N.E.2d 818, 820 (Ill. App. Ct. 1993) (citation and quotation marks omitted). In keeping with that broad purpose, "[t]he provisions of section 2–1402 are to be liberally construed." *Schak*, 777 N.E.2d at 639. Moreover, once the judgment creditor has established some basis to "believe" the third-party "has property of or is indebted to the judgment debtor," Ill. Sup. Ct. R. 277(a), the creditor may ask the third-party for a wide range of information, including any that "may" lead to information about the debtor's assets. *See* Ill. Sup. Ct. R. 277(c)(4). The court stresses that there need not be certainty that the creditor's requests will lead to discovery of assets—a mere possibility is sufficient. Broad discovery is thus allowable in citation proceedings involving a third-party, including inquiries that may lead to information about the debtor's assets that are not in the third-party's possession.

The court acknowledges that Magistrate Judge Brown came to a contrary conclusion in this case by holding that JPMorgan could not use a citation proceeding to seek information about the defendants' assets generally from the defendants' former law firm. (Dkt. No. 389, at 8-9.) This court holds the utmost respect for Judge Brown. Her analysis of the issue, however, was ultimately dicta. (*See id.* at 9 (granting the motion to quash as to the requests for information about assets outside the control of the law firm because the law firm did not have any of the information requested).) Accordingly, this court determines that requests for information about assets that are not in the third-party's possession, but that may lead to further discovery about the identity and location of the debtor's assets are permissible.

# STATEMENT

That principle overrules the majority of the defendants' objections, but there are several remaining issues. First, the defendants also object to requests 1, 2, and 7 because they seek information regarding future transactions between the defendants and TST. Requests 1 and 2 seek information about future receivables of the defendants or future payments from the defendants to TST. Those requests are permissible because the defendants' future receivables are assets of the defendants, and knowledge of the defendants' future payments to TST may assist JPMorgan in locating any assets the defendants may use to make those payments. Request 7 seeks information about any potential future TST transactions with the defendants. Because any such transactions have not yet occurred, the court cannot conceive of how that request will lead to information about the defendants' assets. Request 7 is therefore quashed.

The defendants also object to Request 21 because it seeks the names of all people associated with the defendants with whom TST had contact. Those people may be able to help JPMorgan identify assets of the defendants, so Request 21 will stand.

Next, the defendants object to Requests 17 and 18 because they seek information about potential "alter egos" of the defendants. The defendants contend that such requests are improper because the Seventh Circuit has held that "Illinois courts likely would not permit veil-piercing in supplementary proceedings under § 5/2–1402." *Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) (citing *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996); *Pyshos*, 630 N.E.2d at 1057–58; *Lange v. Misch*, 598 N.E.2d 412, 415 (Ill. App. Ct. 1992)). The cases on which the Seventh Circuit relied in *Star Insurance*, however, were decided prior to a recent amendment to § 5/2-1402(c)(3). The amendment added language stating that "[a] judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings." 2007 Ill. Legis. Serv. P.A. 95-661, sec. 5. One commentator has opined that the amendment "permits the court to hear a petition in the nature of an action to pierce the corporate veil in the context of a citation proceeding rather than forcing the creditor to file a new action as was required by *Lange* and *Pyshos*." Markoff, *supra* § 2.53.

No court has yet addressed the effect of the amendment on *Star Insurance* or the cases on which it relied. This court need not determine whether or to what extent a judgment creditor may pierce the corporate veil in a citation proceeding in Illinois, however, because JPMorgan is not seeking to do so here. Instead, it is merely seeking information about any potential alter egos of the defendants and any transfers of assets the defendants may have made to them. Such requests plainly may lead to information about the defendants' assets, and they are thus allowable.

Finally, the defendants object because many of JPMorgan's requests seek information about assets of the defendants' "Affiliates" and "Owners," rather than just about assets of the defendants. As defined in the citations, "Affiliates" means:

> any person or entity directly or indirectly controlling, controlled by, or under common control with the Judgment Debtors; provided that an Affiliate shall also include (i) any person or entity that directly or indirectly owns at least five percent (5%) of any class of capital stock or other equity interest of any Judgment Debtor; (ii) any officer, director, managing member, trustee or trust beneficiary of any Judgment Debtor; (iii) any spouse, parent, sibling or descendant of any person described in clause (i) or (ii), above; and (iv) any trust for the benefit of any person or entity described in clauses (i) through (iii), above.

(Dkt. No. 441, Ex. A, at 4-5.) "Owners" means "the nominal, beneficial, actual and/or record holders and owners of the stock, partnership interest, or other principal interest in any of the Judgment Debtors." (*Id.* at 5.) Given

| STATEMENT |
|---|
| the complicated corporate relationships that defendants have with other entities, and the difficulty that JPMorgan has encountered in attempting to collect its judgment, JPMorgan's requests stem from a reasonable concern that the defendants may be transferring assets to other related entities in an attempt to avoid the judgment. Accordingly, its requests to TST may lead to information about assets that actually belong to APP, and its questions are thus justified. The defendants' objection to JPMorgan's requests for information about the defendants' Affiliates and Owners is thus overruled.<br><br>*James F. Holderman* |