Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6240 | **DATE** | 10/16/2012 |
| **CASE TITLE** | JP Morgan Chase Bank vs. PT Indah Kiat Pulp and Paper Corporation et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the defendants' objections to Presiding Magistrate Judge Brown's Report and Recommendation of August 24, 2012 (Dkt. No. 470) are overruled. The court adopts Magistrate Judge Brown's Report and Recommendation in full. Accordingly, the court imposes sanctions against the defendants jointly and severally in the amount of $10,000 a day starting on 5/21/12 to and including 6/26/12, for a total sanction of $370,000. The court sets a status hearing on 10/25/12, at 10 am, for the purpose of determining whether the defendants have complied with the citations, and for the purpose of imposing further sanctions of $10,000 per day for each day the defendants were not in compliance from 6/26/12 thru 10/25/12. Moreover, if the defendants are still not in compliance with the citations on 10/25/12, sanctions of an amount to be determined will be imposed and will continue to accrue to compel defendants' compliance until the defendants establish that they have fully complied with the citations. The court will also consider whether an amount of sanctions should be imposed against the defendants' counsel.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendants object to Presiding Magistrate Judge Brown's Report and Recommendation of August 24, 2012, (Dkt. No. 470) recommending that the court enforce its imposition of a sanction of $10,000 per day for each day that the defendants do not comply with the citations against them, beginning on May 21, 2012. (Dkt. No. 471.) The court agrees with Magistrate Judge Brown's thoughtful and comprehensive report and recommendation, and adopts it in full without modification.

The defendants raise two new arguments in their objections to the magistrate judge's order. First, they contend that they were not obligated to comply with the sanctions until April 5, 2012, because the magistrate judge's orders prior to that date requiring compliance were stayed when they objected to them. That argument was not presented to Magistrate Judge Brown, and is therefore waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("Arguments not made before a magistrate judge are waived."). Even if it were not waived, and even if the magistrate judge's orders requiring compliance were stayed, the argument lacks merit. The defendants have had ample time to comply with the citations, even after April 5, 2012, as Magistrate Judge Brown outlines in her Report and Recommendation. (Dkt. No. 470, at 6-8.) Moreover, the defendants should have been aware prior to April 5, 2012, that compliance would likely be required by the district court, and should have taken steps to prepare to produce the required documents.

Second, the defendants contend that the sanctions imposed are excessive. That argument, again, was not presented to Magistrate Judge Brown, and therefore is waived. Regardless, the court is increasingly firm in its

| STATEMENT |
|---|

conviction that the sanctions are not excessive, as the defendants continue to fail to comply with the citations, or to produce documents required by the citations that should be readily available, such as bank account statements for the last twelve months and tax returns filed in the last three years. In those circumstances, the sanctions are plainly justified to coerce compliance with the court's explicit order requiring the defendants to comply with the citations. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999) (describing the court's inherent power to hold a party in civil contempt and to impose coercive sanctions to "seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court"). The defendants argument that the sanctions are excessive all assume that the sanctions were imposed under for discovery violations under Fed. R. Civ. P. 37. That is incorrect, as the sanctions are imposed under the court's inherent civil contempt power to obtain compliance with an explicit court order.

Accordingly, the court imposes sanctions against the defendants jointly and severally in the amount of $10,000 a day beginning May 21, 2012. It is plain that the defendants were not in compliance with the citations at least through June 26, 2012. (*See* Dkt. No. 470, at 8.) Thus, the court imposes a sanction of $370,000 for the period from May 21, 2012, through June 26, 2012. Moreover, the defendants have not yet argued, even in their most recent filing with the court on October 12, 2012, that they are in compliance with the citations. (Dkt. No. 475, at 2 (acknowledging "[t]he delay in fully complying with the citations").) However, the parties' positions on when, if ever, the defendants complied with the sanctions after June 26, 2012, are not clear. Accordingly, the court sets a status hearing on October 25, 2012, for the purpose of determining whether the defendants have complied with the citations, and for the purpose of imposing further sanctions of $10,000 per day for each day the defendants were not in compliance. Moreover, if the defendants are still not in compliance, sanctions at an amount to be determined will be imposed and will continue to accrue until the defendants establish that they have fully complied with the citations.

*James F. Holderman*