# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6240 | **DATE** | 11/6/2012 |
| **CASE TITLE** | JPMorgan Chase Bank vs. PT Indah Kiat Pulp and Paper Corp. et al. | | |

**DOCKET ENTRY TEXT**

Currently pending before this court is the motion of JPMorgan Chase Bank ("JPMorgan") to "Compel TST/Impreso Inc. to Turnover Documents, to Restrain Transfer of Funds and to Continue the Citations." [476] JPMorgan and TST/Impreso have submitted an agreed proposed order through the court's proposed order e-mail system to resolve the motion. As explained in the Statement section of the Order, this court does not believe that it has the authority to enter the order stated in paragraph three of the parties' proposed order. Accordingly, a status hearing is set for 11/8/12 at 9 am. JPMorgan and TST/Impreso are to inform the court at the status hearing whether they continue to agree to the proposed order without paragraph three. Alternatively, the parties may file by 11/7/12 at 4 p.m. a statement explaining their position and providing legal authority to show that this court does have the authority to enter paragraph three of the agreed proposed order. TST/Impreso's attorney Michelle Lanfear, of San Antonio, Texas, may appear at the status hearing on 11/8/12 by phone.

■ [ For further details see text below.]   Docketing to mail notices.

# STATEMENT

TST/Impreso is subject to two protective orders that have been issued by a Texas state court as part of litigation between TST/Impreso and Asia Pulp and Paper Trading (USA), Inc., a corporation affiliated with the defendants in this lawsuit. The protective orders prevent TST/Impreso from disclosing information and documents it obtained as part of those lawsuits. JPMorgan has issued a citation to discover assets to TST/Impreso in this case (Dkt. No. 441) in its attempt to discover information about the defendants' assets and to collect the judgment against the defendants. TST/Impreso asked the Texas court for permission to comply with the citation despite the protective order, which the Texas court denied. (Dkt. No. 476, Ex. 6.) TST/Impreso then objected to the citation on the ground that the Texas protective orders prevent its compliance, leading to JPMorgan's motion to compel. (Dkt. No. 476.)

TST/Impreso and JPMorgan propose to resolve the dispute with a proposed order which includes a paragraph declaring that TST/Impreso "shall not be deemed in contempt for violating the terms" of the Texas protective orders. Based on JPMorgan's brief in support of its motion to compel (Dkt. No. 476, at 7), the court understands that JPMorgan believes that such an order is justified by the Supreme Court's decision in *Baker v. General Motors Corp.*, 522 U.S. 222 (1998). In *Baker*, General Motors entered into a consent judgment with its former employee, Elwell, to resolve a Michigan lawsuit. The consent judgment enjoined Elwell from testifying against General Motors in any litigation. Subsequently, Elwell was subpoenaed to testify in a products liability lawsuit against General Motors in Missouri federal court. General Motors objected, contending that the Michigan consent judgment required the Missouri court to quash the subpoena to Elwell.

**STATEMENT**

The Supreme Court held in *Baker* that Full Faith and Credit Clause of the Constitution did not require the Missouri federal court to honor the Michigan judgment enjoining Elwell from testifying, because "Michigan lacks authority to control courts elsewhere by precluding them, in actions brought by strangers to the Michigan litigation, from determining for themselves what witnesses are competent to testify and what evidence is relevant and admissible in their search for the truth." *Baker*, 522 U.S. at 238. The Court did not hold, however, that the Missouri court could shield Elwell from liability in Michigan for violating the Michigan consent judgment. (Indeed, the issue did not arise because the settlement agreement between Elwell and General Motors stipulated that Elwell's testimony would not support a General Motors action for a violation of the consent judgment if the testimony was ordered by a court. *Id.* at 228-29.) To the contrary, the Supreme Court in *Baker* noted that "[s]anctions for violations of an injunction . . . are generally administered by the court that issued the injunction." *Id.* at 236. That statement suggests that this court does not have the power to order the Texas state court to decline to enforce its own protective order.

Nor is it clear that the Anti-Injunction Act, 28 U.S.C. § 2283, grants this court authority to dictate to any state court how that state court should enforce its own orders. Section 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The third exception, the only one potentially applicable here, however, does not grant federal courts authority to issue any injunction necessary to enforce its judgments, but instead is designed to implement "well-recognized concepts of claim and issue preclusion." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011) (citation and quotation marks omitted). Thus, that exception "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id.* (citation and quotation marks omitted). Moreover the Supreme Court has "taken special care to keep [the exception] strict and narrow" and "every benefit of the doubt goes toward the state court." *Id.* at 2375-76 (citation and quotation marks omitted). Accordingly, this court is not willing to apply § 2283 to enjoin the Texas state court from enforcing its own orders in the manner the Texas state court sees fit.

The court also notes that 28 U.S.C. § 2283 does not authorize paragraphs five and six of the proposed order, as the proposed order indicates. *See Iantosca v. Step Plan Services, Inc.*, 604 F.3d 24, 32 (1st Cir. 2010) (holding that an injunction sought by a third party to prevent the payment of a state court judgment does not "stay proceedings" under the meaning of § 2283). Paragraphs five and six of the proposed order nevertheless appear to be within this court's power as explained in *Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997) ("[I]t would be appropriate for the trial court to enter an order prohibiting the third party citation respondents from paying Covington [as part of state court litigation] until all claims are judicially adjudicated.").

*James F. Holderman*