IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., successor in interest to the First National Bank of Chicago, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 02 C 6240 |
| PT INDAH KIAT PULP AND PAPER CORPORATION Tbk, a corporation duly organized under the laws of the Republic of Indonesia; PT PABRIK KERTAS TJIWI KIMIA Tbk, a corporation duly organized under the laws of the Republic of Indonesia; and ASIA PULP AND PAPER COMPANY, LTD., a corporation duly organized under the laws of Singapore, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On September 13, 2010, this court entered judgment in favor of JPMorgan Chase Bank ("JPMorgan") against Asia Pulp and Paper Company, Ltd. ("APP"), in the amount of $53.5 million, against PT Indah Kiat Pulp and Paper Corporation Tbk in the amount of $32.2 million, and against PT Pabrik Kertas Tjiwi Kimia Tbk in the amount of $21.3 million. (Dkt. No. 297.) On October 19, 2010, JPMorgan issued citations to discover the assets of the defendants for the purpose of enforcing the judgment. Among other things, the citations require the defendants to produce:

- Copies of all contracts or other agreements that call for any payment(s) of any kind to be made to Judgment Debtor;

- All books, papers or records in your possession or control which may contain information

concerning the property or income of, or indebtedness due, Judgment Debtor;

- All documents relating to any and all transfers of any thing(s) of value from the Judgment Debtor to any other business, corporation, partnership, limited liability company or other business entity owned in whole or in part by any other owner of the Judgment Debtor and/or their family members (including but not limited to, money, stock, real property or personal property);

- All documents relating to all transfers of any thing(s) of value from the Judgment Debtor (including but not limited to, money, stock, real property or personal property) to any other entity or individual;

- Copies of any other document(s) not referenced above which evidences or documents any assets owned in whole or in part by Judgment Debtor[;]

- Copies of any and all documents which relate to or refer to the following types of personal property in which the judgment debtor has an interest, or had an interest in the last three years, including without limitation, any and all evidence of title, asset value and insurance of such personal property: . . . Evidence of stock or other ownership in any corporations, partnerships, sole proprietorships or other business entity . . .; [and]

- Copies of all stock certificates, notes, bonds, debentures, options or any other documents whether negotiable or non-negotiable in which the judgment debtor now has or had an interest during the past three years[.]

(*See* Dkt. No. 403, Ex. A.) The defendants have failed to comply with the citations, and sanctions in the amount of $10,000 per day continue to accrue until the defendants comply. (Dkt. No. 428, 478.)

In its continued efforts to collect its judgment, JPMorgan also issued a citation to TST/Impreso Inc., a company that has done business with an affiliate of APP, Asia Pulp and Paper Trading (USA), Inc. ("APPT"), and entered into a settlement agreement with APPT that includes a release of all claims TST had or may have against APP and APPT.[1] (Dkt. No. 447, at 3-5.) In

---

[1] JPMorgan has submitted evidence showing that between 2004 and 2010, APPT acted on behalf of APP to collect APP's accounts receivable (including the TST/Impreso account). (Dkt. No. 501 ¶¶ 6-11.) Specifically, APPT's president, Rizal Setiadi, testified that APPT had no other assets,

addition, TST/Impreso continues to hold funds due to APPT under the settlement agreement that JPMorgan believes TST/Impreso should pay to it to satisfy JPMorgan's judgment. TST/Impreso is subject to two protective orders that have been issued by a Texas state court as part of the litigation between TST/Impreso and APPT. The protective orders prevent TST/Impreso from disclosing information and documents it obtained as part of those lawsuits to satisfy JPMorgan's citations.

Although this court has the power to order TST/Impreso's compliance with JPMorgan's citation despite the state court protective orders, *see Baker v. General Motors Corp.*, 522 U.S. 222 (1998), and has in fact done so (Dkt. No. 490), the court has not yet enforced its order out of respect for the judgments of its sister court in Texas (Dkt. No. 498, 500). Instead, at a status on 12/6/12, the court and the parties agreed that JPMorgan would first file a motion to compel the defendants to produce information about their relationships with APPT and TST/Impreso. As outlined above, the citations already require the defendants to produce that information, and JPMorgan has amply demonstrated that the information is relevant. Moreover, if the defendants comply and produce that information to JPMorgan, JPMorgan will no longer need to seek that information from TST/Impreso and TST/Impreso will not be forced to violate the state court order.

Accordingly, JPMorgan's motion to compel (Dkt. No. 501) is granted. The court orders the defendants to produce any and all documents relating to defendants' contracts, ownership interest in, and business relationships with APPT and TST/Impreso, and to produce the information requested in Exhibit C of JPMorgan's motion (Dkt. No. 501) by 1/15/13. If the defendants fail to comply and cannot demonstrate a good reason for that failure, the court will impose additional

---

employees, or property, but existed solely to collect accounts receivable on behalf of APP and its affiliates, and that Purinusa Ekerpasada, a shareholder of APP, authorized APPT to execute the settlement agreement with TST/Impreso on behalf of APP and the other defendants. (*Id.* ¶¶ 7-9.)

sanctions against the defendants in the amount of $10,000 per day.

ENTER:

                                                  *[signature: James F. Holderman]*
                                                  JAMES F. HOLDERMAN
                                                  Chief Judge, United States District Court

Date: December 28, 2012